**JUDGE BUCHWALD**

**OFFICE COPY**

BARRY H. GOLDSTEIN
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000

**07 CIV 8199**

CHARLES C. READ
ELISABETH A. WING STONE
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (213) 430-6000



SEP 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Attorneys for Plaintiff
American States Utility Services, Inc.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| American States Utility Services, Inc.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>Petrus Environmental Services, Inc. and National O&M,<br><br>　　　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>Hon. |

Plaintiff American States Utility Services, Inc. ("ASUS") by and through its counsel, O'Melveny & Myers LLP, for its Complaint against Petrus Environmental Services, Inc. ("PES") and National O&M ("NOM"), and collectively with PES, "Defendants"), alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1.　ASUS seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 with respect to a dispute arising out of a document entitled "Master Agreement", dated January 31, 2002, and signed by ASUS and PES, which is attached hereto as Exhibit A.

2.	The Master Agreement described a process by which ASUS and PES would cooperate in the submission of bids by ASUS to U.S. military entities for the acquisition, operation and maintenance of water and wastewater facilities located at U.S. military bases.

3.	The Master Agreement did not specify the price or specific services PES (or its assignee, NOM) would provide for any individual privatization project. Instead, the Master Agreement provided that the parties would negotiate a separate contract, referred to as an "Addendum", that is specific to each project.

4.	ASUS seeks a declaration that the Master Agreement is a preliminary agreement and that neither ASUS nor Defendants has any legal obligation to enter into any individual contract, or "Addendum", with each other regarding any project that is subsequently awarded to ASUS by any military authority.

## JURISDICTION AND VENUE

5.	This Court has jurisdiction over the cause of action asserted herein pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.	Venue is proper in this district pursuant to a provision in the Master Agreement providing that each of the parties submits to the jurisdiction of the federal courts in the State of New York in any action related to the Master Agreement. *See* Exhibit A, Section 25. Section 25 of the Agreement further provides that each of the parties will not argue "that any such court is an inconvenient forum or that venue in any such court is improper." *Id.*

- 2 -

## PARTIES

7. Plaintiff ASUS is a California corporation with its principal place of business in Costa Mesa, California.

8. Defendants are Virginia corporations with their principal place of business in Roanoke, Virginia.

## FACTUAL BACKGROUND

9. Pursuant to federal legislation passed in 1997, 10 U.S.C. § 2688, the United States government commenced a competitive bidding process for the privatization of water and wastewater facilities at various military bases throughout the country.

10. ASUS and PES mutually desired to submit bids for the provision of water and wastewater services, respectively. The parties reached an informal, nonexclusive agreement that ASUS would submit bids for the contracts and would list PES as a possible subcontractor.

11. The military authority informed ASUS that it could not consider PES's experience in evaluating ASUS's bids unless ASUS had a written agreement with PES. Thereafter, the parties entered into the Master Agreement for use in the bid process.

12. The Master Agreement is not exclusive. Section 1(b) of the Master Agreement provides: "This Agreement shall not preclude either Party from making or participating in privatization proposals and agreements separate from this Agreement and without the involvement of the other Party."

13. On information and belief, both ASUS and Defendants have submitted independent bids to military authorities for various water and wastewater privatization contracts.

14. The Master Agreement does not specify many material and essential terms, such as the price for services, the specific services PES or NOM would provide, or the term of any individual project or whether NOM would be an assignee of PES.

15. The Master Agreement provides, in Sections 2(a) and 3(a), that for each project on which ASUS and PES cooperated in preparing a bid, ASUS and PES would enter into a separate contract (called an "Addendum") setting forth, among other things, the price and delineating the services that PES would provide in connection with that project.

16. ASUS is currently operating under four contracts for the following bases: Fort Bliss; Andrews Air Force Base; Fort Eustis Fort Monroe, Fort Story (collectively, "TRADOCs"), and Fort Lee. For each of those four projects, ASUS and PES negotiated a separate contract specific to the project.

17. On June 10, 2004, PES assigned any rights it may have had under the Master Agreement, with respect to an Addendum to the Master Agreement for services to be provided by NOM at Fort Bliss.

18. On January 20, 2006, PES assigned any rights it may have had under the Master Agreement, with respect to Addenda to the Master Agreement for services to be provided by NOM at TRADOCs, Fort Lee and Andrews Air Force Base.

19. ASUS was recently awarded a fifth contract by the government, for the provision of water and wastewater services at Fort Jackson. The bid submitted by ASUS for Fort Jackson identified NOM as a possible subcontractor for wastewater services. A contract for Fort Jackson was formally executed by ASUS on September 13, 2007 and by the government on September 14, 2007.

20. In anticipation of the possibility that a contract for Fort Jackson would be awarded to ASUS, in June 2007 ASUS and Defendants commenced negotiation for a contract that would describe the wastewater services that NOM might supply as ASUS' subcontractor at Fort Jackson.

21. ASUS had been negotiating with Defendants in good faith for an "Addendum" for Fort Jackson, but an impasse has been reached in the negotiations.

22. On information and belief, NOM believes that the Master Agreement obligates the parties to enter into a separate contract that is similar in nature and scope to the previously executed "Addenda", for each contract for privatization of water and wastewater services that is awarded to ASUS for which ASUS and PES or NOM cooperated on the submission of a bid, including Ford Jackson.

23. ASUS has more than twenty outstanding bids for additional privatization projects in which PES was named as a potential subcontractor.

24. With the recent award of the Fort Jackson contract to ASUS, and the potential award of additional contracts in the future, ASUS now seeks declaratory relief from this Court.

## COUNT 1 - DECLARATORY RELIEF

25. ASUS realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through and including 24 of this Complaint.

26. An actual controversy has arisen and now exists between ASUS and Defendants regarding their respective rights and obligations under the Master Agreement, in that:

    a. The U.S. military authority has awarded a contract to ASUS for the operation of water and wastewater services at Fort Jackson.

  b. ASUS and Defendants have reached an impasse in negotiating the terms for an "Addendum" for Fort Jackson.

  c. ASUS anticipates that the U.S. military authority will award to ASUS one or more additional privatization contracts for the operation of water and wastewater services in the future.

27. ASUS desires a judicial determination of the parties' respective rights and legal relations and a declaration that

  a. The Master Agreement is a preliminary agreement that is not enforceable.

  b. ASUS has no obligation to enter into a contract with NOM or PES for the provision of wastewater services at Fort Jackson or any other base.

28. In the event the Court determines that the Master Agreement is enforceable, a declaration that

  a. The Master Agreement requires no more than a duty to negotiate in good faith, and does not obligate the parties to enter into any additional Addenda for military privatization agreements, regardless of whether ASUS made reference to PES in its bid submittal.

  b. The Master Agreement has not been modified through the parties' course of performance.

  c. To the extent the parties agree to enter into any additional Addenda, there exists no obligation that that Addenda contain terms that are similar in nature and scope to the previously executed Addenda.

29. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties with respect to each other and concerning the above conflicting claims.

## PRAYER FOR RELIEF

WHEREFORE, ASUS respectfully prays that the requested declaration be made, that it be awarded its costs and fees, and that the Court provide any other relief that it deems just and proper.

Dated: September 19, 2007

                                              Respectfully submitted:

                                              O'Melveny & Myers LLP

                                              _____
                                              Barry H. Goldstein
                                              Times Square Tower
                                              7 Times Square
                                              New York, NY 10036

                                              Charles C. Read
                                              Elisabeth A. Wing Stone
                                              1625 Eye Street, N.W.
                                              Washington, DC 20006
                                              cread@omm.com
                                              lstone@omm.com

                                              Attorneys for Plaintiff
                                              American States Utility Services, Inc.